**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0576, <u>Theron DeBella v. Patricia Tantillo Fox</u>, the court on January 9, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Theron DeBella, appeals an order of the Superior Court (<u>Leonard</u>, J.), issued following a hearing, entering judgment in favor of the defendant, Patricia Tantillo Fox, in the plaintiff's action seeking compensation for certain work he performed on the defendant's property during the course of their relationship. The plaintiff argues that the trial court erred by finding that he was not entitled to compensation under a theory of unjust enrichment. We affirm.

The trial court found that the plaintiff "completed the renovations on the property gratuitously and without the expectation of being paid, because he was in a relationship with [the defendant] and he intended to reside there when [the defendant] retired." Noting that unjust enrichment is an equitable remedy that is available when an individual receives a benefit which would be unconscionable to retain, <u>see, e.g.</u>, <u>Axenics, Inc. v. Turner Constr. Co.</u>, 164 N.H. 659, 669 (2013), the court concluded that the plaintiff's claim for unjust enrichment failed because the defendant "cannot be said to have unconscionably retained a benefit if [the plaintiff] performed his services gratuitously, or without an expectation of ultimately being compensated."

"The propriety of affording equitable relief in a particular case rests in the sound discretion of the trial court." <u>Id</u>. (quotation omitted). "Consequently, we review a trial court's equitable determination for an unsustainable exercise of discretion." <u>Id</u>. "To show an unsustainable exercise of discretion, the [plaintiff] must demonstrate that the court's ruling was clearly unreasonable or untenable to the prejudice of [his] case." <u>Id</u>. Moreover, as the trier of fact, the trial court was "in the best position to measure the persuasiveness and credibility of evidence and was not compelled to believe even uncontroverted evidence." <u>Brooks v. Allen</u>, 168 N.H. 707, 715 (2016) (quotation and brackets omitted). Accordingly, "[w]e defer to the trial court's resolution of conflicts in the testimony, the credibility of witnesses, and the weight to be given evidence." <u>Id</u>. (quotation omitted).

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our

review of the trial court's order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error and affirm the court's decision.  See id.; Sup. Ct. R. 25(8).

Affirmed.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**